# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Delta Industrial Services, Inc. d/b/a Delta ModTech, | Case No. 18-cv-3203 (PJS/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Kollmorgen Corporation, | |
| Defendant. | |

Delta Industrial Services, Inc. brought suit against Kaman Automation, Inc. and Kollmorgen Corporation. (ECF No. 1). Kollmorgen answered the complaint, (ECF No. 19), and Kaman moved to dismiss, (ECF No. 21). The following day, Delta voluntarily dismissed Kaman from this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF No. 27).

Now, Kollmorgen seeks to add Kaman as a third-party defendant. (ECF No. 33). Through a stipulation, Delta has consented to Kollmorgen's filing of a third-party complaint. (ECF No. 33). Kaman has moved to strike the stipulation or deny leave to Kollmorgen to file its third-party complaint. (ECF No. 35). Kaman argues that, pursuant to Rule 14(a)(1), Kollmorgen's third-party complaint is untimely and requires a motion, not a stipulation.

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The stipulation submitted by Delta and Kollmorgen is not a *pleading*. Fed. R. Civ. P. 8. Thus, as courts in

1

this District hold, "there is no such thing as a 'motion to strike'" aimed at a non-pleading. *Carlson Mktg. Grp. v. Royal Indemnity Co.*, Case No. No. 04-cv-3368 (PJS/JJG), 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (Schiltz, J.) (rejecting two motions to strike aimed at affidavits filed in connection with a summary judgment motion); *see also Smith v. United HealthCare Servs., Inc.*, 2003 WL 22047861, at *3 n.7 (D. Minn. Aug. 28, 2003) (Montgomery, J.); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (Doty, J.). Further, under Rule 14(a)(4), "[a]ny *party* may move to strike the third-party claim . . . ." (emphasis added). But Kaman is a non-party bystander, so it cannot invoke Rule 14(a)(4). And the third-party *claim* does not yet exist for the simple reason that it has not been filed. Therefore, there is no basis for Kaman's motion to strike.

Even if this Court were to consider Kaman's Rule 14 arguments, they lack merit. Rule 14 requires a prospective third-party plaintiff to obtain the court's leave before filing a third-party complaint if more than 14 days have passed after serving its original answer. Fed. R. Civ. P. 14(a)(1).[1] As Kaman's own briefing points out, this Court has

---

[1] The brunt of Kaman's argument is that by filing a *stipulation*, rather than a *motion*, Kollmorgen and Delta have deprived Kaman of the opportunity to oppose the motion. Kaman has not moved to intervene and remains a non-party to this litigation. Thus, this Court questions whether Kaman has any basis whatsoever upon which it can challenge either the stipulation as filed or the motion it requests to be filed. *But see Williams v. Saxon Mortg. Servs., Inc.*, 2007 WL 2828752, at *1 (S.D. Ala. Sept. 27, 2007) (permitting a non-party to challenge a Rule 14 motion where the Rule 14 motion was filed in response to motions to dismiss and for judgment on the pleadings and was interrelated with those dispositive motions). It would seem that Kaman cannot be deprived of an opportunity it is not afforded.

While Kaman asserts it is not "elevat[ing] form over substance" in demanding a *motion* rather than a *stipulation*, (ECF No. 36, at 5), this Court finds the opposite. The stipulation filed by Kollmorgen and Delta still requires the Court's approval before any action may be taken. Thus, that Kollmorgen's request to file a third-party complaint came as a stipulation rather than a motion is of no moment where it did not deprive this Court of the ultimate decision in whether to grant leave before the third-party complaint is filed.

"considerable discretion in deciding whether to permit a third-party complaint." *Too, Inc. v. Kohl's Dept. Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003); *see also Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448 (8th Cir. 1965) ("Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted."). "The criteria for granting a motion to amend under Rule 15 are useful in assessing a motion to add a third-party defendant." *Am. Home Assur. Co. v. Greater Omaha Packing Co., Inc.*, 2013 WL 1502238, at *1 (D. Neb. Apr. 11, 2013). Under Rule 15, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008).

Here, there is no undue delay. Kollmorgen seeks to bring in Kaman as a third-party plaintiff a mere five weeks after a scheduling order was issued. This litigation is still at its inception and adding Kaman will not appreciably delay proceedings.[2] While it appears Kollmorgen could have moved earlier to join Kaman, Kollmorgen's request is timely under the scheduling order. There appears to be no bad faith motive in bringing this third-party complaint where it details a contractual relationship between Kaman and Delta that used Kollmorgen products modified by Kaman, thus rendering Kaman liable for damages, not Kollmorgen. There is no futility apparent on the face of the third-party complaint. Essentially, Kollmorgen is asserting Kaman is the link between it and Delta.

---

[2] Kaman asserts it may move to compel arbitration should the third-party complaint be filed. (ECF No. 36, at 7–8). This Court finds the hypothetical delays to be overstated.

3

Thus, contrary to Kaman's arguments, this does not appear to be a separate dispute from the claims asserted by Delta. Rather, all the claims appear intertwined with one another.[3] Finally, this Court finds no unfair prejudice. As noted, Delta, Kollmorgen, and Kaman have interrelated relationships. It is not prejudicial for those relationships to be adjudicated in a single proceeding. While Kaman asserts it will invariably move to compel arbitration, it is not unfairly prejudicial to allow a third-party complaint to be filed merely on the grounds that the dispute could be sent to arbitration.[4]

In sum, this Court finds there is no basis for Kaman's motion to strike. Even if this Court were to consider the underlying arguments, they are unpersuasive. Therefore, this Court **APPROVES** the Stipulation to Add Third-Party Defendant, (ECF No. 33), and **DENIES** Non-Party Kaman Automation, Incorporated's Motion to Strike Defendant Kollmorgen's Stipulation or, Alternatively, to Deny Leave to File, (ECF No. 35). Defendant Kollmorgen Corporation shall file its third-party complaint, in substantially the same form as attached to the stipulation, (ECF No. 33), within 7 days.

Dated: April 16, 2019

                                                  *s/ Steven E. Rau*
                                                  Steven E. Rau
                                                  United States Magistrate Judge
                                                  District of Minnesota

---

[3] Kaman also asserts that its motion to dismiss shows how the third-party complaint is futile. Kaman's reliance upon its motion to dismiss is misplaced. Kaman was dismissed voluntarily by Delta. Imputing dismissal by Delta was caused by the arguments found in the motion to dismiss is speculative. It is even more speculative to believe that arguments pertaining to *Delta* render the third-party complaint by *Kollmorgen* futile. Because the motion to dismiss was never adjudicated, it carries no weight whatsoever.

[4] Kaman also asserts unfair prejudice because Delta might revive its claims against Kaman. Kaman's argument is unavailing where that possibility always existed because Delta's claims were dismissed without prejudice.