UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DELTA INDUSTRIAL SERVICES, INC., d/b/a Delta ModTech, | Case No. 18-CV-3203 (PJS/SER) |
| Plaintiff, | |
| v. | |
| KOLLMORGEN CORPORATION, | |
| Defendant. | ORDER |
| KOLLMORGEN CORPORATION, | |
| Third-Party Plaintiff, | |
| v. | |
| KAMAN AUTOMATION, INC., | |
| Third-Party Defendant. | |

Jerome D. Feriancek, TRIAL GROUP NORTH, PLLP, for third-party plaintiff.

Robert T. Rhoad and Jason C. Lynch, NICHOLS LIU LLP, for third-party defendant.

Plaintiff Delta Industrial Services, Inc. ("Delta") brought this action against defendants Kollmorgen Corporation ("Kollmorgen") and Kaman Automation, Inc. ("Kaman"), alleging that defendants failed to deliver actuators in accordance with their contractual obligations. Delta later voluntarily dismissed its claims against Kaman. ECF No. 27. Kollmorgen then filed a third-party complaint against Kaman, alleging

breach of contract and negligence and seeking contribution or indemnity "for any sums adjudged against it in favor of" Delta. ECF No. 42 at 3 (prayer for relief).

This matter is before the Court on Kaman's motion to compel arbitration or, alternatively, to dismiss Kollmorgen's third-party complaint. For the reasons that follow, the Court grants the motion in part and dismisses Kollmorgen's third-party complaint for failure to state a claim.

In July 2017, Kollmorgen and Kaman entered into a "North America Distribution Agreement" under which Kollmorgen appointed Kaman as an authorized distributor of Kollmorgen products. Ames Decl. Ex. 1 ("Agreement"). The Agreement includes a clause requiring the parties to arbitrate "[a]ny dispute, controversy or claim arising out of or relating to this Agreement . . . ." Agreement § 8.2. The Agreement also includes a clause requiring Kaman to indemnify Kollmorgen against any liability that Kollmorgen may incur as a result of Kaman's wrongful acts or omissions. Agreement § 8.7.

Kollmorgen does not dispute that, when Kaman sold the allegedly defective actuators to Delta, Kaman was acting in its capacity as an authorized Kollmorgen distributor in accordance with the Agreement. In other words, there is no dispute that the Agreement governed the parties' underlying conduct in this case. And as the Agreement is the obvious source of any indemnification rights Kollmorgen may have

against Kaman, it is equally obvious that any claim based on those rights would be subject to the Agreement's arbitration clause.

Oddly, though, Kollmorgen's third-party complaint does not even mention the indemnification clause in the Agreement. In other words, Kollmorgen does not argue that, if Kollmorgen is held liable to Delta, Kaman will then be obligated to indemnify Kollmorgen under the Agreement. Instead, Kollmorgen argues only that Kaman—and not Kollmorgen—is liable to Delta. As Kaman points out—and as this Court and other courts have explained on countless occasions—this is not a proper third-party claim under Fed. R. Civ. P. 14(a):

> A defendant may not use Rule 14 to implead a third-party defendant who may have liability to the plaintiff *instead* of the defendant or in *addition* to the defendant. Rather, a defendant may use Rule 14 to implead a third-party defendant only if that third party will be liable to the *defendant* if the defendant is found liable to the plaintiff. Moreover, the liability of the third-party defendant to the defendant must be *contingent* on the defendant being held liable to the plaintiff . . . .

*United States v. Bailey*, 516 F. Supp. 2d 998, 1020 (D. Minn. 2007), *aff'd*, 571 F.3d 791 (8th Cir. 2009); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978) ("Under Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*."). Kollmorgen's third-party complaint is not only procedurally improper, but, as a substantive matter, it fails to state a claim under state

law for contribution or indemnity. *See Carr v. Home Ins. Co.*, 463 S.E.2d 457, 458 (Va. 1995) ("Equitable indemnification arises when a party without personal fault, is nevertheless legally liable for damages caused by the negligence of another."); *Brown v. Hargraves*, 96 S.E.2d 788, 791 (Va. 1957) (defining "contribution" as "an equity which arises when one of several parties liable on a common debt discharges the obligation for the benefit of all").[1]

Even if Kollmorgen's complaint can be read to assert that Kaman will be liable to indemnify it for any liability that it may have to Delta, Kollmorgen fails to identify any basis for such derivative liability on Kaman's part. Again, Kollmorgen has indemnification rights under the Agreement, but Kollmorgen does not rely on those rights—presumably because such a claim would have to be arbitrated.[2] By attempting to plead around its obligation to arbitrate, however, Kollmorgen has left itself without any legal basis for any claim that Kaman is obligated to indemnify it.

---

[1] The Agreement provides that it is to be construed and enforced under Virginia law. Agreement § 8.1. Minnesota law regarding the doctrines of contribution and indemnity does not differ from that of Virginia. *See In re Individual 35W Bridge Litig.*, 806 N.W.2d 811, 815 (Minn. 2011) (contribution); *Olson v. Blesener*, 633 N.W.2d 544, 546 (Minn. Ct. App. 2001) (indemnity).

[2] Given the breadth of the arbitration clause, it is likely that Kollmorgen's third-party claim would be subject to arbitration even if it was based on something other than the Agreement. As Kollmorgen has failed to state a claim, however, the Court need not address that issue.

Because Kollmorgen's third-party complaint plainly fails to state a claim upon which relief can be granted, the Court grants Kaman's motion to dismiss.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Third-party defendant's motion to dismiss or compel arbitration [ECF No. 47] is GRANTED IN PART.

2. Third-party plaintiff's third-party complaint [ECF No. 42] is DISMISSED WITHOUT PREJUDICE.

Dated: August 2, 2019      s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge